IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CARREN RANDELL, | CV. 05-1231-AS |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| JO ANNE B. BARNHART<br>Commissioner of Social Security, | |
| Defendant. | |

ASHMANSKAS, Magistrate Judge:

Plaintiff, Carren Randell ("Randell"), moves the court to reopen her social security action. Randell asserts that she is still unemployed as result of her physical condition and that "there is still evidence that stands unaddressed in this claim." Pltf's. Motion to Reopen Case at 1. In her affidavit supporting her motion, Randell presents physicians' reports and test results, some of which were prepared after the Appeals Council of the Social Security Administration rendered its final decision.

Background

Randell filed this action on August 10, 2005. After obtaining three extensions of time to file

her opening brief, and requesting a fourth, Randell filed a stipulated motion to dismiss the case with prejudice and with no costs or fees to either side. The court entered a judgment of dismissal on June 27, 2006. Randell filed the instant motion just over a month later.

### Legal Standard

The court may relieve a party from a final judgment because of:

> (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reasons justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Motions under subsections (1) through (3) of Rule 60(b) must be brought within one year after entry of judgment. Under Rule 60(b)(6), the court may set aside a judgment at any time, but only in "extraordinary circumstances." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985). The court retains the inherent power to set aside a judgment for fraud upon the court. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

Motions under Rule 60(b) are directed to the sound discretion of the court. Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971). Rule 60 is remedial in nature and must be liberally applied. Meadows v. Dominican Republic, 817 F.2d 517, 521 (9th Cir. 1987); Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974). Doubts, if any, should be settled in favor of the moving party if it has a meritorious claim or defense. Id.

### Discussion

Here, Randell bases her motion to reopen the case on the presence of unaddressed evidence. It appears from her affidavit that Randell was aware of the unaddressed evidence at the time she

Page -2- FINDINGS AND RECOMMENDATION                                                                                                    {SIB}

moved to dismiss this action. This is clearly not the "newly discovered evidence" described in Rule 60(b)(3) and is not sufficient to justify vacating the judgment and reopening the case.

Both Randell's former attorney and defense counsel reference an affidavit signed by Randell in which she asserts that her attorney did not obtain her approval before filing the stipulated motion to dismiss. That document has not been filed with the court, was not reference by Randell in her motion to reopen the case and has not been considered by the court.

## Conclusion

Randell's motion to reopen the case (#27) should be DENIED.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due **October 23, 2006**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 5th day of October, 2006.

        /s/   Donald C. Ashmanskas
        DONALD C. ASHMANSKAS
        United States Magistrate Judge